## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION



| | |
|---|---|
| SOLID STATE STORAGE SOLUTIONS, INC., | §§§§ |
| Plaintiff, | § CIVIL ACTION NO. 2:11-cv-391 |
| v. | §§ |
| STEC, INC., OCZ TECHNOLOGY GROUP, INC., CORSAIR MEMORY, TEXAS MEMORY SYSTEMS, INC., PNY TECHNOLOGIES, INC., PATRIOT MEMORY LLC, FUSION-IO, INC., OTHER WORLD COMPUTING, INC., and MUSHKIN, INC., | §§§ JURY TRIAL DEMANDED §§§§ |
| Defendants. | § |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Solid State Storage Solutions, Inc. ("Plaintiff" or "S4") files this Original Complaint for patent infringement against Defendants STEC, Inc. ("STEC"), OCZ Technology Group, Inc. ("OCZ"), Corsair Memory ("Corsair"), Texas Memory Systems, Inc. ("TMS"), PNY Technologies, Inc. ("PNY"), Patriot Memory LLC ("Patriot"), Fusion-io, Inc. ("Fusion") Other World Computing, Inc. ("OWC"), and Mushkin, Inc. ("Mushkin"), (collectively, "Defendants"), and allege as follows:

## PARTIES

1.      Plaintiff Solid State Storage Solutions, Inc. is a Texas corporation with its principal place of business at 511 N. Washington Ave, Marshall, Texas 75670.

2.      Defendant STEC, Inc. is a California corporation with its principal place of business at 3001 Daimler Street, Santa Ana, California 92705-5812.

3.      STEC is designing, marketing, making, using, selling, importing, and/or offering for sale solid state drives employing a controller chip and a plurality of NAND flash devices ("STEC SSD products").

4.      STEC is doing business in the United States and, more particularly, in the Eastern District of Texas by designing, marketing, making, using, selling, importing, and/or offering for sale the STEC SSD products, including but not limited to STEC's ZeusIOPS and MACH SSD products, that infringe the patent claims involved in this action or by transacting other business in this District.  STEC may be served with process by serving its registered agent, Corporation Service Company, at 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

5.      Defendant OCZ Technology Group, Inc. is a Delaware corporation with its principal place of business at 6373 San Ignacio Avenue, San Jose, California 95119.

6.      OCZ is designing, marketing, making, using, selling, importing, and/or offering for sale solid state drives employing a controller chip and a plurality of NAND flash devices ("OCZ SSD products").

7.      OCZ is doing business in the United States and, more particularly, in the Eastern District of Texas by designing, marketing, making, using, selling, importing, and/or offering for sale the OCZ SSD products, including but not limited to OCZ's Vertex, Agility, and Solid series SSD products, that infringe the patent claims involved in this action or by transacting other business in this District.  OCZ may be served with process by serving its registered agent, Incorporating Services, LTD., at 3500 South DuPont Highway, Dover, DE 19901.

8.      Defendant Corsair Memory is a Delaware corporation with its principal place of business at 46221 Landing Parkway, Fremont, California 94538.

9.      Corsair is designing, marketing, making, using, selling, importing, and/or offering for sale solid state drives employing a controller chip and a plurality of NAND flash devices ("Corsair SSD products").

10.      Corsair is doing business in the United States and, more particularly, in the Eastern District of Texas by designing, marketing, making, using, selling, importing, and/or offering for sale the Corsair SSD products, including but not limited to Corsair's Force series SSD products, that infringe the patent claims involved in this action or by transacting other business in this District.  Corsair may be served with process by serving its registered agent, Andrew J. Paul, at 46221 Landing PKWY, Fremont, CA 94508.

11.      Defendant Texas Memory Systems, Inc. is a Texas corporation with its principal place of business at 10777 Westheimer Rd. #600, Houston, Texas 77042.

12.      TMS is designing, marketing, making, using, selling, importing, and/or offering for sale solid state drives employing a controller chip and a plurality of NAND flash devices ("TMS SSD products").

13.      TMS is doing business in the United States and, more particularly, in the Eastern District of Texas by designing, marketing, making, using, selling, importing, and/or offering for sale the TMS SSD products, including but not limited to TMS's RamSan-10/20 SSD products, that infringe the patent claims involved in this action or by transacting other business in this District.  TMS may be served with process by serving its registered agent, Holloway Frost, at 11200 Westheimer, Suite 1000, Houston, TX 77042.

14.      Defendant PNY Technologies, Inc. is a Delaware corporation with its principal place of business at 299 Webro Road, Parsippany, New Jersey 07054.

15.     PNY is designing, marketing, making, using, selling, importing, and/or offering for sale solid state drives employing a controller chip and a plurality of NAND flash devices ("PNY SSD products").

16.     PNY is doing business in the United States and, more particularly, in the Eastern District of Texas by designing, marketing, making, using, selling, importing, and/or offering for sale the PNY SSD products, including but not limited to PNY's Optima series SSD products, that infringe the patent claims involved in this action or by transacting other business in this District.  PNY may be served with process by serving its registered agent, CT Corporation System, at 350 N. St. Paul St., Ste. 2900, Dallas, Texas 75201-4234.

17.     Defendant Patriot Memory LLC is a Delaware limited liability company with its principal place of business at 47027 Benicia Street, Fremont, California 94538.

18.     Patriot is designing, marketing, making, using, selling, importing, and/or offering for sale solid state drives employing a controller chip and a plurality of NAND flash devices ("Patriot SSD products").

19.     Patriot is doing business in the United States and, more particularly, in the Eastern District of Texas by designing, marketing, making, using, selling, importing, and/or offering for sale the Patriot SSD products, including but not limited to Patriot's Inferno and Wildfire series SSD products, that infringe the patent claims involved in this action or by transacting other business in this District.  Patriot may be served with process by serving its registered agent, Incorporating Services, LTD., at 3500 South DuPont Highway, Dover, DE 19901.

20.     Defendant Fusion-io, Inc. is a Delaware corporation with its principal place of business at 2855 E. Cottonwood Parkway, Suite 100, Salt Lake City, Utah 84121.

21.     Fusion is designing, marketing, making, using, selling, importing, and/or offering for sale solid state drives employing a controller chip and a plurality of NAND flash devices ("Fusion SSD products").

22.     Fusion is doing business in the United States and, more particularly, in the Eastern District of Texas by designing, marketing, making, using, selling, importing, and/or offering for sale the Fusion SSD products, including but not limited to Fusion's ioDrive series SSD products, that infringe the patent claims involved in this action or by transacting other business in this District.  Fusion may be served with process by serving its registered agent, Corporation Service Company, at 2711 Centerville Road Suite 400, Wilmington, DE 19808.

23.     Defendant Other World Computing, Inc. is an Illinois corporation with its principal place of business at 2650 Bridge Lane, Woodstock, IL 60098.

24.     OWC is designing, marketing, making, using, selling, importing, and/or offering for sale solid state drives employing a controller chip and a plurality of NAND flash devices ("OWC SSD products").

25.     OWC is doing business in the United States and, more particularly, in the Eastern District of Texas by designing, marketing, making, using, selling, importing, and/or offering for sale the OWC SSD products, including but not limited to OWC's Mercury EXTREME SSD products, that infringe the patent claims involved in this action or by transacting other business in this District.  OWC may be served with process by serving its registered agent, Rita W. Garry, at 150 N. Michigan Ave, Suite 3300, Chicago, IL 60601.

26.     Defendant Mushkin, Inc. is a Colorado corporation with its principal place of business at 317 Iverness Way South, Suite 130, Englewood, Colorado 80112.

27.     Mushkin is designing, marketing, making, using, selling, importing, and/or offering for sale solid state drives employing a controller chip and a plurality of NAND flash devices ("Mushkin SSD products").

28.     Mushkin is doing business in the United States and, more particularly, in the Eastern District of Texas by designing, marketing, making, using, selling, importing, and/or offering for sale the Mushkin SSD products, including but not limited to Mushkin's Chronos and Callisto SSD products, that infringe the patent claims involved in this action or by transacting other business in this District.  Mushkin may be served with process by serving its registered agent Demetrios George Stathakis at 317 Iverness Way S, #130, Englewood, CO 80112.

## JURISDICTION AND VENUE

29.     This is a civil action for patent infringement arising under the patent laws of the United States, Title 35, United States Code, including 35 U.S.C. §§ 271 and 281-285. Jurisdiction is conferred on this Court pursuant to 28 U.S.C. §§ 1331 and 1338(a).

30.     Venue is proper in the Marshall Division of the Eastern District of Texas pursuant to 28 U.S.C. § 1391 and 28 U.S.C. § 1400(b).

31.     This Court has personal jurisdiction over STEC.  STEC has conducted and does conduct business within the State of Texas.  STEC, directly or through intermediaries (including distributors, retailers, and others), ships, distributes, offers for sale, sells, and advertises STEC SSD products that infringe the patent claims involved in this action in the United States, the State of Texas, and the Eastern District of Texas.  STEC has purposefully and voluntarily placed one or more of its STEC SSD products into the stream of commerce with the expectation that it will be purchased by consumers in the Eastern District of Texas.  The STEC SSD products have been and continue to be purchased by consumers in the Eastern District of Texas.  STEC has

committed the tort of patent infringement within the State of Texas and, more particularly, within the Eastern District of Texas.

32.     This Court has personal jurisdiction over OCZ.  OCZ has conducted and does conduct business within the State of Texas.  OCZ, directly or through intermediaries (including distributors, retailers, and others), ships, distributes, offers for sale, sells, and advertises OCZ SSD products that infringe the patent claims involved in this action in the United States, the State of Texas, and the Eastern District of Texas.  OCZ has purposefully and voluntarily placed one or more of its OCZ SSD products into the stream of commerce with the expectation that it will be purchased by consumers in the Eastern District of Texas.  The OCZ SSD products have been and continue to be purchased by consumers in the Eastern District of Texas.  OCZ has committed the tort of patent infringement within the State of Texas and, more particularly, within the Eastern District of Texas.

33.     This Court has personal jurisdiction over Corsair.  Corsair has conducted and does conduct business within the State of Texas.  Corsair, directly or through intermediaries (including distributors, retailers, and others), ships, distributes, offers for sale, sells, and advertises Corsair SSD products that infringe the patent claims involved in this action in the United States, the State of Texas, and the Eastern District of Texas.  Corsair has purposefully and voluntarily placed one or more of its Corsair SSD products into the stream of commerce with the expectation that it will be purchased by consumers in the Eastern District of Texas.  The Corsair SSD products have been and continue to be purchased by consumers in the Eastern District of Texas.  Corsair has committed the tort of patent infringement within the State of Texas and, more particularly, within the Eastern District of Texas.

34.     This Court has personal jurisdiction over TMS.  TMS has conducted and does conduct business within the State of Texas.  TMS, directly or through intermediaries (including

distributors, retailers, and others), ships, distributes, offers for sale, sells, and advertises TMS SSD products that infringe the patent claims involved in this action in the United States, the State of Texas, and the Eastern District of Texas.  TMS has purposefully and voluntarily placed one or more of its TMS SSD products into the stream of commerce with the expectation that it will be purchased by consumers in the Eastern District of Texas.  The TMS SSD products have been and continue to be purchased by consumers in the Eastern District of Texas.  TMS has committed the tort of patent infringement within the State of Texas and, more particularly, within the Eastern District of Texas.

35.     This Court has personal jurisdiction over PNY.  PNY has conducted and does conduct business within the State of Texas.  PNY, directly or through intermediaries (including distributors, retailers, and others), ships, distributes, offers for sale, sells, and advertises PNY SSD products that infringe the patent claims involved in this action in the United States, the State of Texas, and the Eastern District of Texas.  PNY has purposefully and voluntarily placed one or more of its PNY SSD products into the stream of commerce with the expectation that it will be purchased by consumers in the Eastern District of Texas.  The PNY SSD products have been and continue to be purchased by consumers in the Eastern District of Texas.  PNY has committed the tort of patent infringement within the State of Texas and, more particularly, within the Eastern District of Texas.

36.     This Court has personal jurisdiction over Patriot.  Patriot has conducted and does conduct business within the State of Texas.  Patriot, directly or through intermediaries (including distributors, retailers, and others), ships, distributes, offers for sale, sells, and advertises Patriot SSD products that infringe the patent claims involved in this action in the United States, the State of Texas, and the Eastern District of Texas.  Patriot has purposefully and voluntarily placed one or more of its Patriot SSD products into the stream of commerce with the expectation that it will

be purchased by consumers in the Eastern District of Texas.  The Patriot SSD products have been and continue to be purchased by consumers in the Eastern District of Texas.  Patriot has committed the tort of patent infringement within the State of Texas and, more particularly, within the Eastern District of Texas.

37.     This Court has personal jurisdiction over Fusion.  Fusion has conducted and does conduct business within the State of Texas.  Fusion, directly or through intermediaries (including distributors, retailers, and others), ships, distributes, offers for sale, sells, and advertises Fusion SSD products that infringe the patent claims involved in this action in the United States, the State of Texas, and the Eastern District of Texas.  Fusion has purposefully and voluntarily placed one or more of its Fusion SSD products into the stream of commerce with the expectation that it will be purchased by consumers in the Eastern District of Texas.  The Fusion SSD products have been and continue to be purchased by consumers in the Eastern District of Texas.  Fusion has committed the tort of patent infringement within the State of Texas and, more particularly, within the Eastern District of Texas.

38.     This Court has personal jurisdiction over OWC.  OWC has conducted and does conduct business within the State of Texas.  OWC, directly or through intermediaries (including distributors, retailers, and others), ships, distributes, offers for sale, sells, and advertises OWC SSD products that infringe the patent claims involved in this action in the United States, the State of Texas, and the Eastern District of Texas.  OWC has purposefully and voluntarily placed one or more of its OWC SSD products into the stream of commerce with the expectation that it will be purchased by consumers in the Eastern District of Texas.  The OWC SSD products have been and continue to be purchased by consumers in the Eastern District of Texas.  OWC has committed the tort of patent infringement within the State of Texas and, more particularly, within the Eastern District of Texas.

39.     This Court has personal jurisdiction over Mushkin.  Mushkin has conducted and does conduct business within the State of Texas.  Mushkin, directly or through intermediaries (including distributors, retailers, and others), ships, distributes, offers for sale, sells, and advertises Mushkin SSD products that infringe the patent claims involved in this action in the United States, the State of Texas, and the Eastern District of Texas.  Mushkin has purposefully and voluntarily placed one or more of its Mushkin SSD products into the stream of commerce with the expectation that it will be purchased by consumers in the Eastern District of Texas.  The Mushkin SSD products have been and continue to be purchased by consumers in the Eastern District of Texas.  Mushkin has committed the tort of patent infringement within the State of Texas and, more particularly, within the Eastern District of Texas.

## GENERAL ALLEGATIONS

40.     On March 2, 2004, the U.S. Patent and Trademark Office duly and legally issued U.S. Patent No. 6,701,471 ("the '471 Patent"), entitled "External Storage Device and Memory Access Control Method Thereof," to Takayuki Tamura, Shigemasa Shiota, Kunihiro Katayama, and Masashi Naito.  Solid State Storage Solutions, Inc. is the owner by assignment of the '471 Patent.

41.     On June 19, 2007, the U.S. Patent and Trademark Office duly and legally issued U.S. Patent No. 7,234,087 ("the '087 Patent"), entitled "External Storage Device and Memory Access Control Method Thereof," to Takayuki Tamura, Shigemasa Shiota, Kunihiro Katayama, and Masashi Naito.  Solid State Storage Solutions, Inc. is the owner by assignment of the '087 Patent.

42.     On May 10, 2010, the U.S. Patent and Trademark Office duly and legally issued U.S. Patent No. 7,721,165 ("the '165 Patent"), entitled "External Storage Device and Memory Access Control Method Thereof," to Takayuki Tamura, Shigemasa Shiota, Kunihiro Katayama,

and Masashi Naito.  Solid State Storage Solutions, Inc. is the owner by assignment of the '165 Patent.

43.     On April 9, 2002, the U.S. Patent and Trademark Office duly and legally issued U.S. Patent No. 6,370,059 ("the '059 Patent"), entitled "Nonvolatile Semiconductor Memory," to Masataka Kato, Tetsuo Adachi, Toshihiro Tanaka, Toshio Sasaki, Hitoshi Kume, and Katsutaka Kimura.  Solid State Storage Solutions, Inc. is the owner by assignment of the '059 Patent.

44.     On April 29, 2008, the U.S. Patent and Trademark Office duly and legally issued U.S. Patent No. 7,366,016 ("the '016 Patent"), entitled "Nonvolatile Semiconductor Memory," to Masataka Kato, Tetsuo Adachi, Toshihiro Tanaka, Toshio Sasaki, Hitoshi Kume, and Katsutaka Kimura.  Solid State Storage Solutions, Inc. is the owner by assignment of the '016 Patent.

45.     On June 29, 2010, the U.S. Patent and Trademark Office duly and legally issued U.S. Patent No. 7,746,697 ("the '697 Patent"), entitled "Nonvolatile Semiconductor Memory," to Masataka Kato, Tetsuo Adachi, Toshihiro Tanaka, Toshio Sasaki, Hitoshi Kume, and Katsutaka Kimura.  Solid State Storage Solutions, Inc. is the owner by assignment of the '697 Patent.

46.     On November 10, 2009, the U.S. Patent and Trademark Office duly and legally issued U.S. Patent No. 7,616,485 ("the '485 Patent"), entitled "Semiconductor Memory Device Having Faulty Cells," to Kunihiro Katayama, Takayuki Tamura, Satoshi Watatani, Kiyoshi Inoue, Sigemasa Shiota, and Masashi Naito.  Solid State Storage Solutions, Inc. is the owner by assignment of the '485 Patent.

47.     On January 22, 2002, the U.S. Patent and Trademark Office duly and legally issued U.S. Patent No. 6,341,085 ("the '085 Patent"), entitled "Storage Device Employing a Flash Memory," to Hajime Yamagami, Kouichi Terada, Yoshihiro Hayashi, Takashi Tsunehiro, Kunihiro Katayama, Kenichi Kaki, and Takeshi Furuno.  Solid State Storage Solutions, Inc. is the owner by assignment of the '085 Patent.

48.     On May 20, 2003, the U.S. Patent and Trademark Office duly and legally issued U.S. Patent No. 6,567,334 ("the '334 Patent"), entitled "Storage Device Employing a Flash Memory," to Hajime Yamagami, Kouichi Terada, Yoshihiro Hayashi, Takashi Tsunehiro, Kunihiro Katayama, Kenichi Kaki, and Takeshi Furuno.  Solid State Storage Solutions, Inc. is the owner by assignment of the '334 Patent.

49.     On February 12, 2002, the U.S. Patent and Trademark Office duly and legally issued U.S. Patent No. 6,347,051 ("the '051 Patent"), entitled "Storage Device Employing a Flash Memory," to Hajime Yamagami, Kouichi Terada, Yoshihiro Hayashi, Takashi Tsunehiro, Kunihiro Katayama, Kenichi Kaki, and Takeshi Furuno.  Solid State Storage Solutions, Inc. is the owner by assignment of the '051 Patent.

50.     On June 20, 2006, the U.S. Patent and Trademark Office duly and legally issued U.S. Patent No. 7,064,995 ("the '995 Patent"), entitled "Storage Device Employing a Flash Memory," to Hajime Yamagami, Kouichi Terada, Yoshihiro Hayashi, Takashi Tsunehiro, Kunihiro Katayama, Kenichi Kaki, and Takeshi Furuno.  Solid State Storage Solutions, Inc. is the owner by assignment of the '995 Patent.

51.     On February 5, 2008, the U.S. Patent and Trademark Office duly and legally issued U.S. Patent No. 7,327,624 ("the '624 Patent"), entitled "Storage Device Employing a Flash Memory," to Hajime Yamagami, Kouichi Terada, Yoshihiro Hayashi, Takashi Tsunehiro, Kunihiro Katayama, Kenichi Kaki, and Takeshi Furuno.  Solid State Storage Solutions, Inc. is the owner by assignment of the '624 Patent.

52.     Solid State Storage Solutions, Inc. is the owner of all rights, title, and interest in and to the '471 Patent, '087 Patent, '165 Patent, '059 Patent, '016 Patent, '697 Patent, '485 Patent, '085 Patent, '334 Patent, '995 Patent, '624 Patent, and '051 Patent ("the S4 Patents").  S4 possesses all rights to sue and recover for past and future infringement.

53.     Each of the S4 Patents is valid and enforceable.

54.     Defendants have infringed, and continue to infringe, directly, contributorily, and/or through the inducement of others, the claimed apparatuses of the S4 Patents through the NAND flash-based SSD products they make, use, import, export, sell, and/or offer for sale.

55.     S4 has been damaged as a result of Defendants' infringing conduct.  Defendants are, therefore, liable to S4 in an amount that adequately compensates S4 for Defendants' infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT I

### Infringement of the '471 Patent

56.     S4 repeats and realleges the allegations in paragraphs 1-55 as though fully set forth herein.

57.     STEC has been and is now directly infringing the S4 Patents by making, using, selling, offering for sale, importing into the United States, and/or exporting the STEC SSD products that practice or embody one or more claims of each of the S4 Patents.  STEC also has been and is now contributing to and/or inducing others, such as end users of such STEC SSD products, to directly infringe one or more claims of each of the S4 Patents.

58.     STEC indirectly infringes the S4 Patents by inducement of infringement in accordance with 35 U.S.C. § 271(b).  STEC provides STEC SSD products to consultants, companies, and/or end-user customers in the United States who, in turn, install and use the STEC SSD products.  Accordingly, STEC indirectly infringes because STEC has been and is now actively inducing others, such as end users of STEC SSD products, to directly infringe one or more claims of each of the S4 Patents.

59.    STEC also indirectly infringes the S4 Patents by contributing to infringement by consultants, companies, and/or end-user customers of STEC SSD Products, in accordance with 35 U.S.C. § 271(c), because STEC offers to sell or sells within the United States or imports into the United States a component of a patented machine, manufacture, combination, or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.  STEC's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (f), and (g).

60.    OCZ has been and is now directly infringing the S4 Patents by making, using, selling, offering for sale, importing into the United States, and/or exporting the OCZ SSD products that practice or embody one or more claims of each of the S4 Patents.  OCZ also has been and is now contributing to and/or inducing others, such as end users of such OCZ SSD products, to directly infringe one or more claims of each of the S4 Patents.

61.    OCZ indirectly infringes the S4 Patents by inducement of infringement in accordance with 35 U.S.C. § 271(b).  OCZ provides OCZ SSD products to consultants, companies, and/or end-user customers in the United States who, in turn, install and use the OCZ SSD products.  Accordingly, OCZ indirectly infringes because OCZ has been and is now actively inducing others, such as end users of OCZ SSD products, to directly infringe one or more claims of each of the S4 Patents.

62.    OCZ also indirectly infringes the S4 Patents by contributing to infringement by consultants, companies, and/or end-user customers of OCZ SSD Products, in accordance with 35 U.S.C. § 271(c), because OCZ offers to sell or sells within the United States or imports into the United States a component of a patented machine, manufacture, combination, or composition, or

a material or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.  OCZ's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (f), and (g).

63.     Corsair has been and is now directly infringing the S4 Patents by making, using, selling, offering for sale, importing into the United States, and/or exporting the Corsair SSD products that practice or embody one or more claims of each of the S4 Patents.  Corsair also has been and is now contributing to and/or inducing others, such as end users of such Corsair SSD products, to directly infringe one or more claims of each of the S4 Patents.

64.     Corsair indirectly infringes the S4 Patents by inducement of infringement in accordance with 35 U.S.C. § 271(b).  Corsair provides Corsair SSD products to consultants, companies, and/or end-user customers in the United States who, in turn, install and use the Corsair SSD products.  Accordingly, Corsair indirectly infringes because Corsair has been and is now actively inducing others, such as end users of Corsair SSD products, to directly infringe one or more claims of each of the S4 Patents.

65.     Corsair also indirectly infringes the S4 Patents by contributing to infringement by consultants, companies, and/or end-user customers of Corsair SSD Products, in accordance with 35 U.S.C. § 271(c), because Corsair offers to sell or sells within the United States or imports into the United States a component of a patented machine, manufacture, combination, or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce

suitable for substantial non-infringing use.  Corsair's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (f), and (g).

66.     TMS has been and is now directly infringing the S4 Patents by making, using, selling, offering for sale, importing into the United States, and/or exporting the TMS SSD products that practice or embody one or more claims of each of the S4 Patents.  TMS also has been and is now contributing to and/or inducing others, such as end users of such TMS SSD products, to directly infringe one or more claims of each of the S4 Patents.

67.     TMS indirectly infringes the S4 Patents by inducement of infringement in accordance with 35 U.S.C. § 271(b).  TMS provides TMS SSD products to consultants, companies, and/or end-user customers in the United States who, in turn, install and use the TMS SSD products.  Accordingly, TMS indirectly infringes because TMS has been and is now actively inducing others, such as end users of TMS SSD products, to directly infringe one or more claims of each of the S4 Patents.

68.     TMS also indirectly infringes the S4 Patents by contributing to infringement by consultants, companies, and/or end-user customers of TMS SSD Products, in accordance with 35 U.S.C. § 271(c), because TMS offers to sell or sells within the United States or imports into the United States a component of a patented machine, manufacture, combination, or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.  TMS's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (f), and (g).

69.     PNY has been and is now directly infringing the S4 Patents by making, using, selling, offering for sale, importing into the United States, and/or exporting the PNY SSD

products that practice or embody one or more claims of each of the S4 Patents.  PNY also has been and is now contributing to and/or inducing others, such as end users of such PNY SSD products, to directly infringe one or more claims of each of the S4 Patents.

70.     PNY indirectly infringes the S4 Patents by inducement of infringement in accordance with 35 U.S.C. § 271(b).  PNY provides PNY SSD products to consultants, companies, and/or end-user customers in the United States who, in turn, install and use the PNY SSD products.  Accordingly, PNY indirectly infringes because PNY has been and is now actively inducing others, such as end users of PNY SSD products, to directly infringe one or more claims of each of the S4 Patents.

71.     PNY also indirectly infringes the S4 Patents by contributing to infringement by consultants, companies, and/or end-user customers of PNY SSD Products, in accordance with 35 U.S.C. § 271(c), because PNY offers to sell or sells within the United States or imports into the United States a component of a patented machine, manufacture, combination, or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.  PNY's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (f), and (g).

72.     Patriot has been and is now directly infringing the S4 Patents by making, using, selling, offering for sale, importing into the United States, and/or exporting the Patriot SSD products that practice or embody one or more claims of each of the S4 Patents.  Patriot also has been and is now contributing to and/or inducing others, such as end users of such Patriot SSD products, to directly infringe one or more claims of each of the S4 Patents.

73.     Patriot indirectly infringes the S4 Patents by inducement of infringement in accordance with 35 U.S.C. § 271(b).  Patriot provides Patriot SSD products to consultants, companies, and/or end-user customers in the United States who, in turn, install and use the Patriot SSD products.  Accordingly, Patriot indirectly infringes because Patriot has been and is now actively inducing others, such as end users of Patriot SSD products, to directly infringe one or more claims of each of the S4 Patents.

74.     Patriot also indirectly infringes the S4 Patents by contributing to infringement by consultants, companies, and/or end-user customers of Patriot SSD Products, in accordance with 35 U.S.C. § 271(c), because Patriot offers to sell or sells within the United States or imports into the United States a component of a patented machine, manufacture, combination, or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.  Patriot's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (f), and (g).

75.     Fusion has been and is now directly infringing the S4 Patents by making, using, selling, offering for sale, importing into the United States, and/or exporting the Fusion SSD products that practice or embody one or more claims of each of the S4 Patents.  Fusion also has been and is now contributing to and/or inducing others, such as end users of such Fusion SSD products, to directly infringe one or more claims of each of the S4 Patents.

76.     Fusion indirectly infringes the S4 Patents by inducement of infringement in accordance with 35 U.S.C. § 271(b).  Fusion provides Fusion SSD products to consultants, companies, and/or end-user customers in the United States who, in turn, install and use the Fusion SSD products.  Accordingly, Fusion indirectly infringes because Fusion has been and is

now actively inducing others, such as end users of Fusion SSD products, to directly infringe one or more claims of each of the S4 Patents.

77.     Fusion also indirectly infringes the S4 Patents by contributing to infringement by consultants, companies, and/or end-user customers of Fusion SSD Products, in accordance with 35 U.S.C. § 271(c), because Fusion offers to sell or sells within the United States or imports into the United States a component of a patented machine, manufacture, combination, or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.  Fusion's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (f), and (g).

78.     OWC has been and is now directly infringing the S4 Patents by making, using, selling, offering for sale, importing into the United States, and/or exporting the OWC SSD products that practice or embody one or more claims of each of the S4 Patents.  OWC also has been and is now contributing to and/or inducing others, such as end users of such OWC SSD products, to directly infringe one or more claims of each of the S4 Patents.

79.     OWC indirectly infringes the S4 Patents by inducement of infringement in accordance with 35 U.S.C. § 271(b).  OWC provides OWC SSD products to consultants, companies, and/or end-user customers in the United States who, in turn, install and use the OWC SSD products.  Accordingly, OWC indirectly infringes because OWC has been and is now actively inducing others, such as end users of OWC SSD products, to directly infringe one or more claims of each of the S4 Patents.

80.     OWC also indirectly infringes the S4 Patents by contributing to infringement by consultants, companies, and/or end-user customers of OWC SSD Products, in accordance with

35 U.S.C. § 271(c), because OWC offers to sell or sells within the United States or imports into the United States a component of a patented machine, manufacture, combination, or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.  OWC's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (f), and (g).

81.     Mushkin has been and is now directly infringing the S4 Patents by making, using, selling, offering for sale, importing into the United States, and/or exporting the Mushkin SSD products that practice or embody one or more claims of each of the S4 Patents.  Mushkin also has been and is now contributing to and/or inducing others, such as end users of such Mushkin SSD products, to directly infringe one or more claims of each of the S4 Patents.

82.     Mushkin indirectly infringes the S4 Patents by inducement of infringement in accordance with 35 U.S.C. § 271(b).  Mushkin provides Mushkin SSD products to consultants, companies, and/or end-user customers in the United States who, in turn, install and use the Mushkin SSD products.  Accordingly, Mushkin indirectly infringes because Mushkin has been and is now actively inducing others, such as end users of Mushkin SSD products, to directly infringe one or more claims of each of the S4 Patents.

83.     Mushkin also indirectly infringes the S4 Patents by contributing to infringement by consultants, companies, and/or end-user customers of Mushkin SSD Products, in accordance with 35 U.S.C. § 271(c), because Mushkin offers to sell or sells within the United States or imports into the United States a component of a patented machine, manufacture, combination, or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for

use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.  Mushkin's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (f), and (g).

84.     Defendants' acts have caused, and unless restrained and enjoined, will continue to cause, irreparable injury and damage to S4 for which there is no adequate remedy at law.  Unless enjoined by this Court, Defendants will continue to infringe the S4 Patents.

## PRAYER FOR RELIEF

WHEREFORE, S4 requests the following relief:

85.     a judgment that Defendants and their parents, affiliates, subsidiaries, officers, agents, servants, employees, attorneys, successors, and assigns, and all those persons in active concert or participation with them, or any of them, be enjoined from making, importing, using, offering for sale, selling, or causing to be sold any product or service falling within the scope of any claim of the S4 Patents, or otherwise infringing or contributing to or inducing infringement of any claim of the S4 Patents;

86.     a judgment that Defendants have directly infringed, and/or indirectly infringed by way of inducement and/or contributory infringement, the S4 Patents;

87.     a judgment and order that S4 be awarded its actual damages under 35 U.S.C. § 284, including supplemental damages for any continuing post-verdict infringement until Defendants are enjoined from further infringing activities;

88.     that S4 be awarded enhanced damages pursuant to 35 U.S.C. § 284;

89.     a judgment and order requiring Defendants to pay S4 pre-judgment and post-judgment interest on the damages awarded, including an award of prejudgment interest, pursuant to 35 U.S.C. § 284, from the date of each act of infringement of the S4 Patents by Defendants to

the day a damages judgment is entered, and further award of post-judgment interest, pursuant to 28 U.S.C. § 1961, continuing until such judgment is paid, at the maximum rate allowed by law;

90.     that the Court order an accounting for damages through verdict and thereafter until Defendants are enjoined from further infringing activities;

91.     a judgment and order finding this to be an exceptional case and requiring Defendants to pay the costs of this action (including all disbursements), attorneys' fees as provided by 35 U.S.C. § 285;

92.     alternatively, that the Court award a compulsory ongoing royalty, in the event that an injunction does not issue; and

93.     that S4 be awarded such other and further relief as the Court deems just and proper.

## <u>DEMAND FOR A JURY TRIAL</u>

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, S4 demands a trial by jury on all issues triable of right by a jury.

Dated:  September 7, 2011                    Respectfully submitted,

**MCKOOL SMITH, P.C.**

By:  /s/ Theodore Stevenson III
Theodore Stevenson III
Lead Attorney
Texas State Bar No. 19196650
tstevenson@mckoolsmith.com
David Sochia
Texas State Bar No. 00797470
dsochia@mckoolsmith.com
Eric Hansen
Texas State Bar No. 24062763
ehansen@mckoolsmith.com
McKool Smith, P.C.
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-4000
Telecopier: (214) 978-4044

Sam Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
104 E. Houston Street, Suite 300
P.O. Box 0
Marshall, Texas 75670
Telephone: (903) 923-9000
Facsimile:  (903) 923-9099

**ATTORNEYS FOR PLAINTIFFS SOLID STATE STORAGE SOLUTIONS, INC.**