IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| SOLID STATE STORAGE SOLUTIONS, INC. | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CIVIL ACTION NO. 2:11-CV-391 |
| STEC, INC., OCZ TECHNOLOGY GROUP, INC., CORSAIR MEMORY, TEXAS MEMORY SYSTEMS, INC., PNY TECHNOLOGIES, INC., PATRIOT MEMORY LLC, FUSION-IO, INC., OTHER WORLD COMPUTING, INC., and MUSHKIN, INC. | ) ) ) ) ) ) ) ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |

## DEFENDANT OTHER WORLD COMPUTING, INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO SOLID STATE STORAGE SOLUTIONS, INC.'S COMPLAINT FOR PATENT INFRINGEMENT

Defendant Other World Computing, Inc. ("OWC") states the following as its Answer to Solid States Storage Solutions, Inc.'s ("Solid State") Original Complaint for Patent Infringement ("Complaint").

OWC denies each and every allegation contained in the Complaint that is not expressly admitted below. Any factual allegation admitted below is admitted only as to the specific admitted facts, not as to any purported conclusions, characterizations, implications or speculation that may arguably follow from the admitted facts. OWC denies that Solid State is entitled to the relief requested or any other:

PARTIES

1. OWC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 1 of the Complaint, and therefore denies the same.

2. OWC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 2 of the Complaint, and therefore denies the same.

1

3. OWC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 3 of the Complaint, and therefore denies the same.

4. OWC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 4 of the Complaint, and therefore denies the same.

5. OWC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 5 of the Complaint, and therefore denies the same.

6. OWC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 6 of the Complaint, and therefore denies the same.

7. OWC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 7 of the Complaint, and therefore denies the same.

8. OWC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 8 of the Complaint, and therefore denies the same.

9. OWC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 9 of the Complaint, and therefore denies the same.

10. OWC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 10 of the Complaint, and therefore denies the same.

11. OWC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 11 of the Complaint, and therefore denies the same.

12. OWC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 12 of the Complaint, and therefore denies the same.

13. OWC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 13 of the Complaint, and therefore denies the same.

14. OWC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 14 of the Complaint, and therefore denies the same.

15. OWC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 15 of the Complaint, and therefore denies the same.

16. OWC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 16 of the Complaint, and therefore denies the same.

17. OWC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 17 of the Complaint, and therefore denies the same.

18. OWC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 18 of the Complaint, and therefore denies the same.

19. OWC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 19 of the Complaint, and therefore denies the same.

20. OWC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 20 of the Complaint, and therefore denies the same.

21. OWC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 21 of the Complaint, and therefore denies the same.

22. OWC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 22 of the Complaint, and therefore denies the same.

23. OWC admits the allegations in Paragraph 23 of the Complaint.

24. OWC denies all allegations directed toward it contained in Paragraph 24 of the Complaint.

25. OWC admits that its registered agent is Rita W. Gary and that OWC is doing business in the United States and the Eastern District of Texas. Except as expressly admitted, OWC otherwise denies each and every allegation contained in Paragraph 25 of the Complaint.

26. OWC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 26 of the Complaint, and therefore denies the same.

27. OWC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 27 of the Complaint, and therefore denies the same.

28. OWC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 28 of the Complaint, and therefore denies the same.

## JURISDICTION AND VENUE

29. OWC admits that the Complaint purports to state a cause of action under the patent laws of the United States, including 35 U.S.C. §§ 271 and 281-285, but denies that there is any basis for Solid State's Complaint. OWC admits that this Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338(a). Except as expressly admitted, OWC otherwise denies each and every allegation in Paragraph 29 of the Complaint.

30. OWC denies the allegations of Paragraph 30 of the Complaint.

31. OWC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 31 of the Complaint, and therefore denies the same.

32. OWC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 32 of the Complaint, and therefore denies the same.

33. OWC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 33 of the Complaint, and therefore denies the same.

34. OWC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 34 of the Complaint, and therefore denies the same.

35. OWC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 35 of the Complaint, and therefore denies the same.

36. OWC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 36 of the Complaint, and therefore denies the same.

37. OWC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 37 of the Complaint, and therefore denies the same.

38. OWC admits that it has conducted and does conduct business within the State of Texas, but denies that it has committed, or continues to commit, any acts within this judicial district that give rise to this action. Except as expressly admitted, OWC otherwise denies each and every allegation in Paragraph 38 of the Complaint.

39. OWC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 39 of the Complaint, and therefore denies the same.

40. OWC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 40 of the Complaint, and therefore denies the same.

41. OWC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 41 of the Complaint, and therefore denies the same.

42. OWC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 42 of the Complaint, and therefore denies the same.

43. OWC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 43 of the Complaint, and therefore denies the same.

44. OWC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 44 of the Complaint, and therefore denies the same.

45. OWC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 45 of the Complaint, and therefore denies the same.

46. OWC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 46 of the Complaint, and therefore denies the same.

47. OWC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 47 of the Complaint, and therefore denies the same.

48. OWC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 48 of the Complaint, and therefore denies the same.

49. OWC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 49 of the Complaint, and therefore denies the same.

50. OWC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 50 of the Complaint, and therefore denies the same.

51. OWC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 51 of the Complaint, and therefore denies the same.

52. OWC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 52 of the Complaint, and therefore denies the same.

53. OWC denies the allegations contained in Paragraph 53 of the Complaint.

54. OWC denies the allegations contained in Paragraph 54 of the Complaint. To the extent that the allegations contained in Paragraph 54 of the Complaint are directed towards the other Defendants, OWC lacks knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore, to the extent a response is required, denies those allegations.

55. OWC denies the allegations contained in Paragraph 55 of the Complaint. To the extent that the allegations contained in Paragraph 55 of the Complaint are directed towards the other Defendants, OWC lacks knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore, to the extent a response is required, denies those allegations.

## COUNT I

### Infringement of the ʼ471 Patent

56. OWC incorporates by reference its answers to the allegations contained in Paragraphs 1-55 as if fully set forth herein.

57. OWC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 57 of the Complaint, and therefore denies the same.

58. OWC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 58 of the Complaint, and therefore denies the same.

59. OWC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 59 of the Complaint, and therefore denies the same.

60. OWC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 60 of the Complaint, and therefore denies the same.

61. OWC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 61 of the Complaint, and therefore denies the same.

62. OWC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 62 of the Complaint, and therefore denies the same.

63. OWC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 63 of the Complaint, and therefore denies the same.

64. OWC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 64 of the Complaint, and therefore denies the same.

65. OWC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 65 of the Complaint, and therefore denies the same.

66. OWC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 66 of the Complaint, and therefore denies the same.

67. OWC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 67 of the Complaint, and therefore denies the same.

68. OWC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 68 of the Complaint, and therefore denies the same.

69. OWC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 69 of the Complaint, and therefore denies the same.

70. OWC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 70 of the Complaint, and therefore denies the same.

71. OWC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 71 of the Complaint, and therefore denies the same.

72. OWC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 72 of the Complaint, and therefore denies the same.

73. OWC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 73 of the Complaint, and therefore denies the same.

74. OWC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 74 of the Complaint, and therefore denies the same.

75. OWC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 75 of the Complaint, and therefore denies the same.

76. OWC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 76 of the Complaint, and therefore denies the same.

77. OWC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 77 of the Complaint, and therefore denies the same.

78. OWC denies all of the allegations contained in Paragraph 78 of the Complaint. OWC has not directly infringed and does not directly infringe, or contributed to direct infringement by another, or induced others to directly infringe, any valid or enforceable claim of the S4 Patents.

79. OWC denies all of the allegations contained in Paragraph 79 of the Complaint. OWC has not indirectly infringed and does not indirectly infringe by inducement of infringement, or contributed to direct infringement by another, or induced others to directly infringe, any valid or enforceable claim of the S4 Patents.

80. OWC denies all of the allegations contained in Paragraph 80 of the Complaint. OWC has not indirectly infringed and does not indirectly infringe by contributing to the infringement of others, or contributed to direct infringement by another, or induced others to directly infringe, any valid or enforceable claim of the S4 Patents.

81. OWC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 81 of the Complaint, and therefore denies the same.

82. OWC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 82 of the Complaint, and therefore denies the same.

83. OWC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 83 of the Complaint, and therefore denies the same.

84. OWC denies the allegations of Paragraph 84 of the Complaint. To the extent that the allegations contained in Paragraph 84 of the Complaint are directed towards the other Defendants, OWC

lacks knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore, to the extent a response is required, denies those allegations.

## PRAYER FOR RELIEF

85-93. OWC denies that Solid State is entitled to any of the relief sought in its prayer for relief, paragraphs 85-93. Solid State's prayer should be denied in its entirety and with prejudice, and Solid State should take nothing.

## DEMAND FOR JURY TRIAL

OWC also demands a jury trial on all issues so triable.

## AFFIRMATIVE DEFENSES

Further answering the Complaint, OWC asserts the following defenses in response to the allegations of the Complaint, undertaking the burden of proof only as to those defenses required by law, regardless of how such defenses are denominated below.

## FIRST AFFIRMATIVE DEFENSE

OWC does not infringe and has not infringed, either literally or under the doctrine of equivalents, whether directly, indirectly, contributorily, by inducement, or otherwise, any asserted claims of the patents-in-suit as properly construed and limited by the doctrine of prosecution history estoppel.

## SECOND AFFIRMATIVE DEFENSE

On information and belief, after a reasonable opportunity for further investigation and/or discovery, every asserted claim of the patents-in-suit is invalid for their failure to meet one or more of the conditions of patentability set forth in 35 U.S.C. §§ 101 *et seq.*, and more particularly fail to comply with one or more of the requirements of 35 U.S.C. § 101, § 102, § 103, §112, and §116.

## THIRD AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## FOURTH AFFIRMATIVE DEFENSE

Solid State's claims for damages are limited by 35 U.S.C. § 286.

## FIFTH AFFIRMATIVE DEFENSE

On information and belief, after a reasonable opportunity for further investigation and/or discovery, Solid State's claims are barred in whole or in part by the equitable doctrine of estoppel, including but not limited to the doctrine of prosecution history estoppel.

## OWC'S COUNTERCLAIMS

For its Counterclaims against Plaintiff and Counterclaim Defendant Solid State Storage Solutions, Inc. ("Solid State"), Defendant and Counterclaim-Plaintiff Other World Computing, Inc. ("OWC") states as follows:

1. OWC's Counterclaims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and under 28 U.S.C. § 1338(a). There is a justiciable controversy concerning the infringement, validity, and enforcement of U.S. Patent Nos. 6,701,471 ("the '471 Patent"), 7,234,087 ("the '087 Patent"), 7,721,165 ("the '165 Patent"), 6,370,059 ("the '059 Patent"), 7,366,016 ("the '016 Patent"), 7,746,697 ("the '697 Patent"), 7,616,485 ("the '485 Patent"), 6,341,085 ("the '085 Patent"), 6,567,334 ("the '334 Patent"), 6,347,051 ("the '051 Patent"), 7,064,995 ("the '995 Patent"), and 7,327,624 ("the '624 Patent") (collectively, the "patents-in-suit"), as set forth in the Complaint.

2. OWC is an Illinois corporation having a principal place of business at 2650 Bridge Lane, Woodstock, IL 60098.

3. Upon information and belief, Solid State is a Texas corporation having a principal place of business at 511 N. Washington Ave., Marshall, Texas 75670.

4. Solid State claims an ownership interest in the patents-in-suit and has asserted that OWC has infringed, induced infringement, and/or contributorily infringed the patents-in-suit.

5. This Court has subject matter jurisdiction over these Counterclaims under 28 U.S.C. §§ 1331 and 1338. Personal jurisdiction is proper as a result of Solid State having availed itself of this Court to sue OWC.

6. This Court has personal jurisdiction over Solid State.

7. Venue in this district is proper with regards to these counterclaims under 28 U.S.C. §§ 1391 and 1400.

## FIRST COUNTERCLAIMS FOR RELIEF

Declaration of Invalidity of Each of the Patents-in-Suit

8. OWC re-alleges and incorporates by reference Paragraphs 1-7, above.

9. As a result of the charges of infringement against OWC, an actual controversy exists as to the validity of the patents-in-suit.

10. Each of the patents-in-suit is invalid for failure to comply with one or more of 35 U.S.C. §§ 101, 102, 103 and/or 112.

11. As a result, OWC is entitled to judgment from this Court finding that each of the patents-in-suit is invalid for failure to comply with one or more of 35 U.S.C. §§ 101, 102, 103 and/or 112.

### SECOND COUNTERCLAIM FOR RELIEF

Declaration of Non-Infringement of Each of the Patents-in-Suit

12. OWC re-alleges and incorporates by reference Paragraphs 1 through 11, above.

13. As a result of the charges of infringement against OWC an actual controversy exists as to non-infringement of each of the patents-in-suit.

14. OWC has not infringed, directly or indirectly, or contributed to infringement by another, or actively induced others to infringe, any valid or enforceable claim of the patents-in-suit. OWC is not liable for any infringement, literal or under the doctrine of equivalents, of the patents-in-suit.

15. As a result, OWC is entitled to judgment from this Court finding that each of the patents-in-suit is not infringed by any OWC product or by any action of OWC, either literally or under the doctrine of equivalents, and that OWC has not contributed to or induced any infringement by another.

### PRAYER FOR RELIEF

WHEREFORE, OWC prays for judgment against Solid State as follows:

a. For dismissal of Solid State's Complaint with prejudice;

b. For a judgment declaring that OWC has not and does not infringe directly, contributorily, or by inducement any claim of the patents-in-suit;

c. For a judgment declaring each and every claim of the patents-in-suit is invalid;

d. For a finding that this case is exceptional under 35 U.S.C. § 285;

e. For an award of reasonable attorneys' fees and expenses against Solid State pursuant to 35 U.S.C. § 285;

f. For OWC's costs of suit against Solid State; and

g. For such other and further relief as this Court may deem just and proper.

JURY DEMAND

OWC hereby demands a trial by jury on all issues triable by a jury alleged or relating to this litigation pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: December 23, 2011                    Respectfully submitted,

    */s/ J. Thad Heartfield*
J. Thad Heartfield
Texas Bar No. 09346800
M. Dru Montgomery
Texas Bar No. 24010800
THE HEARTFIELD LAW FIRM
2195 Dowlen Rd.
Beaumont, TX 77706
Telephone: (409) 866-3318
Facsimile: (409) 866-5789

***Attorneys for the Defendant Other World Computing, Inc.***

CERTIFICATE OF SERVICE

The undersigned certifies that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 23rd day of December, 2011. Any other counsel of record will be served by first class mail.

    */s/ J. Thad Heartfield*
J. Thad Heartfield